Argued and submitted July 2, 2007, reversed and remanded with instructions to enter judgment on the jury verdict; otherwise affirmed March 26, 2008

## Sugar COHENS,
*Plaintiff-Appellant,*

*v.*

## Donald McGEE,
*Defendant-Respondent.*

Multnomah County Circuit Court
040605826; A131253

180 P3d 1240

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Michael Lehner argued the cause for respondent. With him on the brief were Barry J. Goehler and Lehner & Rodrigues PC.

C. Robert Steringer and Harrang Long Gary Rudnick P.C. filed the brief *amicus curiae* for Oregon Association of Defense Counsel.

Maureen Leonard filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

In this personal injury action, plaintiff appeals a judgment that reduced the economic damages that a jury had awarded her. The trial court reduced the damage award by the amount of charges that plaintiff's medical provider had "written off" pursuant to its agreement with the Oregon Health Plan (OHP) for medical services that it had provided to plaintiff to treat the injuries caused by defendant's negligence. This appeal presents questions nearly identical to two of the questions that we resolved in *White v. Jubitz Corp.*, 219 Or App 62, 182 P3d 215 (2008). In *White*, we determined that amounts written off by a medical provider pursuant to an arrangement with a third-party payor (write-offs) are collateral source benefits under ORS 31.580, *id.* at 73-74, and that the exclusion in ORS 31.580(1)(d) of "federal Social Security benefits" applies to all benefits under the Social Security program, including Medicare benefits, *id.* at 76. In accord with those conclusions, we reverse the judgment and remand with instructions to enter a judgment in the full amount of damages awarded by the jury.

In this case, a jury awarded plaintiff $28,423 in economic damages for medical services that plaintiff received as a result of her injuries, which included approximately $23,000 in medical charges that plaintiff's medical provider had later written off in order to receive part payment from Oregon's Medicaid program, OHP. After entry of the jury verdict, defendant moved to deduct the write-offs under ORS 31.580(1). The trial court concluded that OHP write-offs were collateral source benefits under ORS 31.580, and that none of the exceptions under ORS 31.580(1)(a) through (d) applied. The court therefore granted defendant's motion and reduced plaintiff's award by the amount of the write-offs. Plaintiff appeals and assigns error to the grant of defendant's post-verdict motion.

In *White*, we concluded that "federal Social Security benefits" in ORS 31.580(1)(d) encompass benefits from all Social Security programs. *Id.* at 76. In that case, the write-offs resulted from the injured party's coverage under

Medicare, which is a federal Social Security insurance program. Thus, here, the only issue is whether OHP write-offs likewise are benefits from a Social Security program.

Here, the write-offs resulted from the injured party's eligibility under OHP, which is Oregon's Medicaid program. Medicaid was established as Title XIX of the Social Security Amendments of 1965. Pub L 89-97, Title I, § 121(a), 79 Stat 343 (1965); OAR 410-120-0000(96) (Jan 1, 2007) ("Medicaid—A federal and state funded portion of the medical assistance programs established by Title XIX of the Social Security Act, as amended, administered in Oregon by DHS."). The program, which provides basic health care services for individuals of limited means, is jointly administered by state and federal governments: funding comes from both state and federal governments, and the states manage the program subject to the requirements of federal law. *Central Oregon Independent Health Serv. v. OMAP*, 211 Or App 520, 523, 156 P3d 97, *rev den*, 343 Or 159 (2007).

We conclude that Medicaid, like Medicare, is a federal Social Security program, and, pursuant to ORS 31.580(1)(d), a court may not reduce a plaintiff's award of damages by the amount of write-offs that an injured party receives pursuant to Medicaid coverage. Medicaid's origin and operation are grounded in the Social Security Act. The state's involvement in managing OHP does not change the inherent character of those benefits as federal Social Security benefits. As we explained in *White*, ORS 31.580(1)(d) is intended to include benefits from all federal Social Security programs. 219 Or App at 76. Medicaid, although administered through OHP, is a federal Social Security program. Accordingly, pursuant to ORS 31.580(1)(d), a court may not deduct OHP write-offs from an injured party's award of economic damages. Hence, the trial court erred in reducing plaintiff's economic damages by the amount of plaintiff's medical expenses that had been written off by his medical providers pursuant to the OHP.

Reversed and remanded with instructions to enter judgment on the jury verdict; otherwise affirmed.